915 F.2d 1566
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
WINDSOR-MOUNT JOY MUTUAL INSURANCE COMPANY, Plaintiff-Appellant,
v.
MUTUAL ASSURANCE SOCIETY OF VIRGINIA, Defendant-Appellee,
and
CHARLES CABELL BRIGGS; JEFFREY B. WALDEN, Defendants.
 No. 89-2819
 UNITED STATES COURT OF APPEALS,
FOURTH CIRCUIT
 Submitted: June 15, 1990
Decided: October 9, 1990
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, District Judge. (CA-89-258-R)
 Nathan H. Smith, Eric S. Jensen, Sr., SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia, for Appellant.
 Samuel W. Hixon, III, Diane Langley, WILLIAMS, MULLEN, CHRISTIAN & DOBBINS, P.C., Richmond, Virginia; Michael W. Smith, E. Ford Stephens, CHRISTIAN, BARTON, EPPS, BRENT & CHAPPELL, Richmond, Virginia, for Appellees.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 In this appeal, we are asked to determine whether a weekend guest falls within the definition of the term "insured" under a personal property owner's policy issued by Windsor-Mount Joy Mutual Insurance Company. In a declaratory judgment action brought by the insurer, all material issues of fact were agreed upon, and the district court held that the language of the contract was ambiguous as to who was an "insured." The court applied the "contra-insurer" rule and construed the ambiguous language in favor of coverage. Our review of the contract leads us to conclude that policy language in question is ambiguous. The policy is written in the vernacular of a lay person, and the definition of "insured" lends itself to the interpretation given to it by the district judge. We therefore affirm the holding of the district court.
 
 I.
 
 2
 Windsor-Mount Joy Mutual Insurance Company (Windsor) issued a personal property owner's policy to Sherwood and Mary Jones. The insurance contract contained the following definition of the term "insured:"
 
 
 3
 Insured means you and, if residents of your household, your relatives and any other person under the age of 21 in your care or in the care of your resident relatives.
 
 
 4
 In the incident that gave rise to this litigation, Charles Briggs, a minor and weekend guest at the Jones' summer cottage, allegedly discharged an air rifle that injured Jeffrey Walden, a minor. Windsor brought a declaratory judgment action to determine the extent of its liability under the policy for Briggs' actions. The coverage question presented to the court was whether Briggs, at the time of the incident, was an insured under the policy. More specifically, the district court was required to determine whether, in the definition of insured, the restrictive phrase, "if residents of your household," modified the phrase, "any other person under the age of 21 in your care or in the care of your resident relatives." Finding that the residency requirement was unclear, the district court ruled that the policy language was ambiguous and should therefore be construed against the insurer; the court entered judgment for the defendants.
 
 II.
 
 5
 When a district court has interpreted ambiguous contract language in an attempt to effectuate the parties' intent, our review of the lower court's conclusions is constrained by the clearly erroneous standard applicable to questions of fact. Scarborough v. Ridgeway, 726 F.2d 132 (4th Cir. 1984). However, in the present case we exercise de novo review because the threshold question is not the parties' intent, but whether the language is ambiguous. This is a question of law and not of fact. Id.
 
 
 6
 Our review of the disputed policy language leads us to conclude that ambiguity does exist. Windsor argues the policy requires that, in order to be covered as an insured, an individual under 21 and in the care of the policyholder must also be a resident of the policyholder's household. Windsor claims that the requirement imposed in the phrase, "if residents of your household," applies to and modifies both the phrase, "your relatives," and the phrase, "any other person under the age of 21 in your care or in the care of your resident relatives." That is to say, the residency requirement applies to everything that follows it in the sentence.
 
 
 7
 The appellees argue that, as the language appears in the contract, the residency restriction applies only to the phrase, "your relatives." They contend that the contract provides coverage to two classes of people in addition to the policyholders: (1) to relatives of the policyholder if they are residents of the policyholder's household and (2) to minors in the care of the policyholder or in the care of the policyholder's resident relatives, regardless of whether the minors are residents of the policyholder's household.
 
 
 8
 In further support of their reading of the contract, the appellees assert that if the clause "if residents of your household" were meant to modify "person under age of 21 in your care," then the modifying words "any other" which immediately precede "person under the age of 21" would add nothing to the clause, and the effect of "any other" is to nullify "if residents of your household" as that clause might apply to "person under age of 21."
 
 
 9
 In the interpretation of written contracts, every part of the writing must be made, if possible, to take effect, and every word of it must be made to operate in some shape or other. And, where all other rules of construction fail, the words of the covenant must be construed most strongly against the covenantor.
 
 
 10
 First American Title Ins. v. Seaboard Savings & Loan Assn., 227 Va. 379, 386, 315 S.E.2d 842, 846 (1984) (quotations omitted).
 
 
 11
 Appellant would have us interpret the contested language as if it read:
 
 
 12
 Insured means you and, if residents of your household, your relatives and any other resident person under the age of 21 in your care or in the care of your resident relative.
 
 
 13
 However, the contract is not written so clearly, and we must consider the language actually used. We are persuaded that the language in the contested clause may be fairly interpreted as extending coverage to a person under 21 in the care of Jones, the named insured. This would make Briggs an insured under the policy. Briggs was under age 21 and he was spending a short vacation with the Jones family and under the care of the Jones family. The language in question does not require that Briggs also be a resident of the Jones household.
 
 AFFIRMED